**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-657-RJC
(3:06-cr-00005-RJC)**

| | |
|---|---|
| **RALPH ANTHONY ROSEBORO,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon Petitioner's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, as amended. (Doc. Nos. 1 and 2). For the reasons that follow, Petitioner's motion will be denied and dismissed.

I.  BACKGROUND

A jury found Petitioner guilty of the one count in his Indictment, a violation of 18 U.S.C. § 922(g)(1). (3:06-cr-5, Doc. No. 1: Indictment, Doc. No. 35: Verdict). The Court ultimately sentenced him to 108 months' imprisonment, a variance from the advisory guideline range of 57 to 71 months.[1] (Id., Doc. No. 72: Sent. Hr'g Tr. at 11, 15, 24). On appeal, Petitioner challenged the variance, but the United States Court of Appeals for the Fourth Circuit affirmed the sentence. United States v. Roseboro, 401 F. App'x 832 (4th Cir. 2010). Petitioner did not seek review from the Supreme Court.

---

[1] The Court initially sentenced Petitioner as an Armed Career Criminal, pursuant to 18 U.S.C. § 924(e), but that determination was vacated on appeal in light of Begay v. United States, 553 U.S. 137 (2008). United States v. Roseboro, 551 F.3d 226 (4th Cir. 2009).

1

II.   STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter, and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.   DISCUSSION

In the instant timely § 2255 motion, Petitioner claims: (1) the Court did not properly consider mitigating evidence; (2) the Court failed to notify him before departing upward; (3) the Government improperly argued at the sentencing hearing; (4) the Court failed to properly calculate the advisory guidelines range; (5) counsel failed to preserve appellate issues; (6) the Court improperly admitted evidence at the trial; (7) police violated his right to counsel by isolating him in a van where they knew he was likely to talk; and (8) the Court improperly added two criminal history points under USSG §4A1.1(e) (2009).[2] (Doc. Nos. 1, 2).

Petitioner procedurally defaulted the claims in this collateral proceeding because they were either decided or not raised on direct appeal. The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court," United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993), and a petitioner "will not be allowed to recast, under the guise of a collateral attack, questions fully considered" on direct appeal, Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Generally, claims not raised on direct appeal may

---

[2] The Court granted Petitioner's Motion to Amend the § 2255 petition. (Doc. No. 3: Order).

not be raised on collateral review unless the petitioner shows cause and prejudice. Massaro v. United States, 538 U.S. 500, 504 (2003). Finally, counsel is afforded broad discretion in determining which issues to argue on appeal. See Jones v. Barnes, 463 U.S. 745, 751-52 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most a few key issues."); see also Fisher v. Lee, 215 F.3d 438, 457 (4th Cir. 2000) ("In reviewing a claim that appellate counsel was ineffective, we accord counsel 'the presumption that he decided which issues were most likely to afford relief on appeal . . .'") (quoting Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993)).

Here, Petitioner twice appealed his conviction and sentence to the Fourth Circuit. In the second appeal, Petitioner challenged the Court's upward variance from his Guidelines range. Therefore, he may not repeat that attack (Ground Two) in this proceeding. Petitioner admits other claims (Grounds One, Three, Four, Six, Seven, and Eight) were not raised on direct appeal, but asserts they had not occurred at the time of the appeal. (Doc. No. 1: Motion at 5). However, the circumstances had all occurred prior to the second direct appeal; therefore, Petitioner has not demonstrated cause to excuse this procedural default. Finally, Petitioner has not shown that counsel's performance in determining appropriate appellate issues fell below an objective standard of reasonableness. Thus, the Court finds that Petitioner is not entitled to any relief on the claims he raises in this collateral proceeding.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 as amended, (Doc. Nos. 1 and 2), is **DENIED** and

**DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: December 18, 2014

Robert J. Conrad, Jr.
United States District Judge